IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

---

| | |
|---|---|
| KOOSHAREM CORPORATION<br>d/b/a SELECT STAFFING<br>and RESOLVE STAFFING, INC. | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| SPEC PERSONNEL, LLC and<br>KENNETH FUSTON, SR. | ) C.A. NO. 6:08-583-HFF<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

## AGREED ORDER

On March 5, 2008, the Court ordered that the parties confer in an effort to resolve the issues in this case. The parties have reported to the Court that they have conferred at length on several occasions and have attempted to reach a resolution of some or all of the issues. The parties have reported that, despite exchanged written proposals and their diligent efforts to reach agreement, they have been unable to reach agreement. The parties have expressed their belief that conducting limited discovery on an expedited basis could enable them to agree on some of the matters at issue. Alternatively, the factual development of the issues through discovery would afford additional information for use by the Court in the event that it becomes necessary to present issues to the Court for resolution of Plaintiffs' pending Motion for Injunctive Relief. It is, therefore,

ORDERED that the parties are allowed to undertake expedited discovery with respect to the motion for injunctive relief pursuant to the following guidelines:

1.    Each party shall be allowed to serve ten (10) interrogatories and ten (10) requests for production. There shall be no limit on requests for admissions that each party may serve during this initial expedited discovery phase. Responses to these discovery requests shall

be served within twenty (20) days of service of the requests.

        2.      Plaintiffs shall be allowed to take six (6) depositions, and Defendants shall be allowed to take six (6) depositions.  Either side may request up to two (2) additional depositions for good cause shown.  Good cause shall include, but shall not be limited to, the submission of a declaration or affidavit by a witness who has not been deposed.  At present, the parties anticipate that, among the six (6) depositions they are allotted, Plaintiffs will take the following depositions:  Kenneth R. Fuston, Sr., Sandra Fuston, Benita Dillard, Jude Tallman, Steve Roberson, and Kevin Moore, and that, among the six (6) depositions they are allotted, Defendants will take the following depositions: Stephen Ludders, Ron Heineman, Robert Strickland, Wilma Angel, and David Lyon.

        3.      The parties will exchange the information required under Rule 26(a)(1) on an informal basis within ten (10) days of the entry of this order by the Court.

        4.      All expedited discovery contemplated by this order will be completed within ninety (90) days of the entry of this order by the Court.

        5.      Should any party desire to submit additional briefing to the Court regarding the issues raised in the Motion for Injunctive Relief, such briefing shall be submitted to the Court within twenty-one (21) days following the expiration of the ninety (90) days allotted for this expedited discovery.  The Court will defer making a ruling on Plaintiffs' Motion for Injunctive Relief until after the supplementary briefing has been completed.

        6.      In order to enable the parties to concentrate on the issues involved in the Motion for Injunctive Relief, the parties have requested that the Court not enter any other scheduling order with respect to this case and that the case be held in abeyance for purposes of a traditional Rule 26 Scheduling Order.  The Court agrees that a Rule 26 Scheduling Order should not be issued at this time.

        7.      The parties are encouraged to continue to engage in discussions regarding potential resolution and are to advise the Court if they are able to reach such agreement on some or all of the issues.  If the parties are unable to reach agreement, a hearing will be held at such time as the Court may deem appropriate.

DATED:  May 2, 2008                s/Henry F. Floyd
                                      UNITED STATES DISTRICT JUDGE