IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| KOOSHAREM CORPORATION, <br> d/b/a SELECT STAFFING, and <br> RESOLVE STAFFING, INC., <br>                               Plaintiffs, <br> vs. <br> SPEC PERSONNEL, LLC, and <br> KENNETH FUSTON, SR., <br>                               Defendants. | Civil Action No. 6:08-583-HFF-WMC <br><br> **O R D E R** |

        This matter is before the court on the plaintiffs' motion to compel the production of computers for inspection, which was filed July 31, 2008 (doc. 47). The defendants filed their opposition on August 20, 2008. On August 21, 2008, the Honorable Henry F. Floyd, United States District Judge, entered an order deferring ruling on the motion to compel and urging the attorneys to settle the matter. The attorneys were directed to conference in a good faith effort to resolve the dispute and to file with the court a status report of the conference. On August 25, 2008, the parties filed separate status reports indicating that they were unable to come to an agreement. On August 27, 2008, Judge Floyd referred the motion to this court for ruling.

        Plaintiff Select Staffing purchased the assets of plaintiff Resolve Staffing, Inc. ("Resolve") in February 2008. Select Staffing is a national human resource outsourcing company that provides staffing services in the transportation industry. Defendant Kenneth Fuston, Sr., is a former employee of Resolve and served as Vice President of Resolve's Truckers Plus HR division. Fuston's employment agreement with Resolve contained non-solicitation and non-competition provisions. Fuston resigned from Resolve and is now an

employee of defendant Spec Personnel, LLC ("Spec"). In the complaint, the plaintiffs allege that the defendants obtained their confidential and proprietary information and used it to hire approximately 20 of the plaintiffs' employees, open new offices in eight cities, and embark on (or exponentially expand) a new line of business, the trucking staffing business. The plaintiffs contend that the defendants used the confidential and proprietary information to identify and solicit drivers and customers from the plaintiffs. The plaintiffs allege causes of action for, *inter alia*, breach of contract, breach of duty of loyalty, breach of fiduciary duty, tortious interference with contract, and violations of the trade secrets and unfair trade practices acts of both Connecticut and South Carolina.

On August 6, 2008, Judge Floyd granted previous motions to compel filed by the plaintiffs. He denied the defendants' motion for reconsideration on August 20, 2008. Under the court's order, the defendants were to produce documents including those responsive to a document request for emails "to or from Fuston's home computer to or from any individual who was currently or formerly a Resolve employee, any trucker or driver who currently or formerly worked for Resolve, or any current or former Resolve customer" (pl. 1st request to produce to Fuston) and documents reflecting communications between Spec and certain individuals hired by Spec who were formerly employees of plaintiff Resolve (pl. 1st request to produce to Spec).

The defendants have produced some 1,936 pages of emails in response to the plaintiffs' discovery requests. However, according to the plaintiffs, not a single email produced by the defendants is an accurate copy of the original email, as the date and time stamp on every email has been modified to reflect the dates the emails were compiled rather than the dates they were sent (pl. supp. brief 2). The plaintiffs argue that forensic analysis could provide the correct dates and times of the emails. The plaintiffs also contend irregularities exist in the emails that were produced that call into question the authenticity of the documents. For example, several emails that were produced as from "Trevor Doyle"

do not have Trevor Doyle listed as either an addressee or as a person copied on the email (pl. supp. brief 3, ex. D).  Also, many emails are missing their attachments (pl. supp. brief 5).  The plaintiffs further contend that documents have been modified after the defendants were put on notice of the litigation and that the defendants did not make any document retention or preservation efforts after the lawsuit was filed.  Jude Tallman, the president of Spec, testified that no one at Spec had instructed employees to save documents or emails because they might be needed in the litigation (Tallman dep. 232-33).  The plaintiffs argue that testimony has established that the employees hired from the plaintiffs were not provided with Spec email addresses for at least a month after they were hired by Spec.  Accordingly, prior to that time, the newly-hired employees used home computers and personal email accounts to conduct business on behalf of defendant Spec.  According to the plaintiffs, Resolve employees emailed confidential information to their homes from Resolve shortly before they went to work for Spec.  The plaintiffs argue that the defendants should be compelled to turn over their home and work computers to a third party for forensic analysis.  The plaintiffs state that images of the hard drives can be made and the computers returned within 48 hours, and the process can take place over a weekend so that there is no disruption to the defendants' business (pl. m. to compel 7).  The plaintiff had offered to share equally with the defendants the costs of forensic analysis.  In their supplemental brief, the plaintiffs state that they are withdrawing that offer (pl. supp. brief 8).

       In its opposition to the motion to compel, the defendants argue that they have asserted relevance objections to the underlying discovery requests, and therefore the court should deny the request for inspection of the computers.  This argument is meritless as Judge Floyd has already granted the plaintiffs' motions to compel discovery responses to the underlying discovery requests and has also denied the defendants' motion for reconsideration.  The only issue before this court is whether forensic analysis should be conducted on the subject computers because of the defendants' failure to produce

documents and because of relevant electronic information stored on the computers. This court finds that such forensic analysis is appropriate in this case.

Based upon the foregoing, the plaintiffs' motion to compel is granted. The procedure for conducting the requested discovery and forensic analysis is set out as follows:

> (1)     Defendants will make available for forensic analysis and data recovery to be conducted by an expert forensics firm ("Expert") any business computers and/or any personal computers used to conduct business, correspond in any way regarding business, Spec and/or its current or employees, and/or plaintiffs and/or their current or former employees, for Steve Arnold, Walter Chudowsky, Benita Dillard, Trevor Doyle, Ken Fuston, Kevin Moore, Steve Roberson, and Jude Tallman.
>
> (2)     The time frame for the forensic analysis and data recovery will encompass the period September 1, 2007, to present.
>
> (3)     The parties will jointly agree within five (5) calendar days after entry of this order on an Expert that will be used to conduct the data recovery and forensic analysis.
>
> (4)     Defendants will produce to the Expert within ten (10) calendar days after entry of this order the computers identified in paragraph 1.
>
> (5)     The Expert will recover only the documents and email account or accounts used by individuals identified in paragraph 1 (or those accounts and documents accessed remotely using another computer).
>
> (6)     The Expert also will conduct a search or run other appropriate programs to determine whether any emails or documents have been deleted, destroyed, altered, or otherwise compromised since January 25, 2008, and whether any programs have been installed that would alter, destroy, erase, modify, or otherwise compromise any portion of each computer or its contents as of January 25, 2008. The Expert also will be permitted to conduct such search efforts as are necessary to form an opinion as to whether any procedures were put into place to preserve emails and documents as of January 25, 2008.

(7) The recovery of emails will include all emails in any form whatsoever including, but not limited to, deleted emails, forwarded emails, copied ("cc") and blind-copied ("bcc") emails and draft emails. The recovery of documents will include all documents including drafts, multiple versions, and final versions.

(8) The Expert will securely maintain the original data recovered in order to establish a chain of custody.

(9) The Expert will produce a copy of the recovered data to defendants' local counsel of record attorney John Glancy ("defendants' counsel").

(10) Defendants' counsel will review the data to identify any privileged or personal emails that it seeks to withhold from document production.

(11) Within ten (10) business days of obtaining the recovered data from the Expert, defendants' counsel will prepare and provide to counsel for plaintiffs: (I) a log of privileged emails ("Privileged Email Log") protected against disclosure by a relevant legal privilege and include the identity of the email, the sender and recipient (and any individuals identified in the "cc" and "bcc" fields), the date sent, the nature of the privilege, a general description of the email and the basis for asserting the privilege; and (ii) a log of personal emails ("Personal Email Log") and include the identity of the email, the sender and recipient (and any individuals identified in the "cc" and "bcc" fields), the date sent, a general description of the email and the basis for claiming it is a personal email. To the extent that defendants' counsel asserts privilege as to any documents obtained from the forensic analysis, such documents also must be set forth on a document privilege log ("Privileged Document Log") and be produced within ten (10) business days of obtaining the recovered data.

(12) Together with the Privileged Email Log, Personal Email Log, and Privileged Document Log, defendants shall produce (within 10 business days after obtaining the recovered data from the Expert) all emails and documents recovered by the Expert, which are not identified on the Logs.

(13) For purposes of the procedure described herein, a personal email is one that does not relate to or in any way concern: defendants' employment, whether it deals with past, present, future or prospective employment; plaintiffs' business; plaintiffs' customers and former customers (including contacts

5

at customers and former customers); plaintiffs' employees and former employees; defendants' drivers or plaintiffs' former drivers; plaintiffs and any of its employees; or Spec Personnel and any of its employees, including but not limited to, communications regarding Spec's closing of offices staffed by plaintiffs' former employees or efforts to have anyone take over, purchase or otherwise assume responsibility for any Spec office staffed by plaintiffs' former employees.

(14)   If any document attachment to an email is identified through the discovery of an email, and such document was opened, saved from, detached or otherwise transferred or reproduced on the hard-drive of defendants' computers, such attachment shall be produced or the Expert shall be given access to defendants' computer to conduct further data recovery in order to obtain such document(s).

(15)   If any document is identified by the Expert as being opened, saved, altered, transferred or reproduced and it falls within the scope of the request, such document must be produced by the Expert and handled by defendants' counsel in the same manner as though it was an email communication.

(16)   If plaintiffs disagree with the assertion of any privileges, the parties shall submit to the court the disputed documents and Logs for the court to view *in camera* and determine whether the documents must be produced.

(17)   Defendants are responsible for any and all fees, costs and expenses associated with gathering the computers and transmitting them to the Expert.

(18)   At this time, the parties will share equally the fees, costs and expenses charged by the Expert. When the Expert is retained, the Expert will be jointly informed that any billing or retainer must be split evenly between the parties. If any retainer is required, the parties are obligated to provide the retainer within three (3) business days of the Expert's request so that the process is not delayed in any way. Neither party waives its right to seek reimbursement or payment of any fees, costs and expenses charged by the Expert if it is determined that award of such is appropriate pursuant to the Federal Rules of Civil Procedure, Local Rules or case law.

(19)   By agreeing to this order, no party waives its rights or objections to the discovery sought herein.

(20) The parties understand and agree that this order addresses the preliminary scope for the computer production and forensic analysis. If the initial production and analysis determines that additional searches are necessary, either party may petition the court to revisit the scope of this order.

The plaintiffs' request for costs, attorney fees, and expenses incurred in the filing of its motion is denied.

IT IS SO ORDERED.

                                      s/William M. Catoe
                                      United States Magistrate Judge

September 29, 2008

Greenville, South Carolina