IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| KOOSHAREM CORPORATION, )<br>d/b/a SELECT STAFFING, and )<br>RESOLVE STAFFING, INC., )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　 )<br>vs. )<br>　　　　　　　　　　　　　　　　 )<br>SPEC PERSONNEL, LLC, and )<br>KENNETH FUSTON, SR., )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　 ) | Civil Action No. 6:08-583-HFF-WMC<br><br>**O R D E R** |

　　　　This matter is before the court on the plaintiffs' motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2). On August 27, 2008, the Honorable Henry F. Floyd, United States District Judge, referred all discovery issues to this court for ruling.

　　　　Plaintiff Select Staffing purchased the assets of plaintiff Resolve Staffing, Inc. ("Resolve") in February 2008. Select Staffing is a national human resource outsourcing company that provides staffing services in the transportation industry. Defendant Kenneth Fuston, Sr., is a former employee of Resolve and served as Vice President of Resolve's Truckers Plus HR division. Fuston's employment agreement with Resolve contained non-solicitation and non-competition provisions. Fuston resigned from Resolve and is now an employee of defendant Spec Personnel, LLC ("Spec"). In the complaint, the plaintiffs allege that the defendants obtained their confidential and proprietary information and used it to hire approximately 20 of the plaintiffs' employees, open new offices in eight cities, and embark on (or exponentially expand) a new line of business, the trucking staffing business. The plaintiffs contend that the defendants used the confidential and proprietary information to identify and solicit drivers and customers from the plaintiffs. The plaintiffs allege causes

of action for, *inter alia*, breach of contract, breach of duty of loyalty, breach of fiduciary duty, tortious interference with contract, and violations of the trade secrets and unfair trade practices acts of both Connecticut and South Carolina.

On August 6, 2008, Judge Floyd granted previous motions to compel filed by the plaintiffs. He denied the defendants' motion for reconsideration on August 20, 2008. Under the court's order, the defendants were to produce documents including those responsive to a document request for emails "to or from Fuston's home computer to or from any individual who was currently or formerly a Resolve employee, any trucker or driver who currently or formerly worked for Resolve, or any current or former Resolve customer" (pl. 1st request to produce to Fuston) and documents reflecting communications between Spec and certain individuals hired by Spec who were formerly employees of plaintiff Resolve (pl. 1st request to produce to Spec).

On July 31, 2008, the plaintiffs filed a motion to compel the production of computers for inspection, arguing that the defendants had not produced accurate copies of the original emails, attachments were missing, and documents had been modified after the defendants were put on notice of the litigation. Therefore, the plaintiffs argued that forensic analysis should be conducted on the subject computers because of the defendants' failure to produce documents and because of relevant electronic information stored on the computers. On September 29, 2008, this court granted the plaintiffs' motion. The defendants were directed to make available for forensic analysis and data recovery to be conducted by an expert forensics firm ("Expert") any business computers and/or any personal computers used to conduct business, correspond in any way regarding business, Spec and/or its current or employees, and/or plaintiffs and/or their current or former employees, for Steve Arnold, Walter Chudowsky, Benita Dillard, Trevor Doyle, Ken Fuston, Kevin Moore, Steve Roberson, and Jude Tallman. This court further ordered that the parties share equally the fees, costs, and expenses charged by the Expert. This court also

denied the plaintiffs' request for costs, attorney fees, and expenses incurred in the filing of the motion to compel.

On September 26, 2008, the plaintiffs filed the instant motion for sanctions pursuant to Rule 37(b)(2). On October 14, 2008, the defendants filed opposition to the motion. The plaintiffs argue that the defendants have failed to produce documents that were the subject of the prior motions to compel filed by the plaintiffs and granted by the court. The plaintiffs contend:

> Defendants had represented that most of the requested documents were irrelevant to this case, and had failed to produce them prior to the depositions taken in this case, which precluded Plaintiffs from asking any questions about those documents in depositions in this case. Moreover, as shown above, Defendants have stymied every effort by Plaintiffs to obtain responsive documents. Plaintiffs have had to write letters, file motions, and respond to a motion to reconsider – and still do not have the documents that the Court ordered Defendants to produce on August 7, <u>a full seven weeks ago</u>.

(Pl. m. for sanctions 9) (emphasis in original). The plaintiffs argue that the defendants' "hide the ball" discovery tactics warrant an inference that the information the defendants have failed to provide is harmful to their case. The plaintiffs contend that the court should thus prohibit the defendants "from further competition with the plaintiffs using the plaintiffs' confidential and proprietary information." The plaintiffs further argue that the defendants should be required to pay their costs and fees incurred in filing their motions to compel, response to the motion for reconsideration, and motion for sanctions, and in taking the six depositions that were taken without the requested documents.

The defendants argue in opposition to the motion for sanctions:

> Plaintiffs have already sought, and procured, appropriate and complete relief in the form of an Order compelling Defendants to turn over their computers for imaging and inspection by a forensic expert. Defendants are in the process of complying with that order, a task that has been complicated by the fact that Spec's e-mail system is web-based and therefore a vendor must be involved in the collection of e-mails. Once that process

3

> is complete, however, Plaintiffs will be in possession of every business communication authored or received by Spec's executive personnel, Fuston and all of the former Resolve employees who worked for Spec during the relevant time period. Plaintiffs are certainly not going to be deprived of evidence, or otherwise hampered in their ability to present a case. The evidentiary sanction sought is therefore entirely inappropriate.

(Def. resp. m. for sanctions 1-2).  The defendants further argue that a monetary sanction is inappropriate as the plaintiffs "will be getting everything they could possibly need to litigate this case, and then some, at substantial expense to Defendants."  The defendants also note that this court has previously denied the plaintiffs' request for costs in ruling on the motion to compel defendants to produce their computers for imaging and inspection.

This court agrees with the defendants that this discovery issue was adequately addressed in the previous order granting the plaintiffs' motion to compel defendants to produce their computers for imaging and inspection.  Should the defendants fail to comply with that order, the plaintiffs may resubmit their motion for sanctions; however, at this time, the motion is denied.

Wherefore, based upon the foregoing, the plaintiffs' motion for sanctions is denied at this time.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

October 31, 2008

Greenville, South Carolina

4